

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00112-CR
_____

CURTIS WAYNE KINGHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 76,303-A-CR; Honorable Dan L. Schaap, Presiding

October 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to an open plea of guilty, Appellant, Curtis Wayne Kingham, was convicted by the trial court of possession of methamphetamine in an amount of one gram

or more but less than four grams,[1] enhanced by two prior felonies,[2] and assessed a sentence of twenty-five years confinement. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this court granted Appellant an opportunity to

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West 2019) (increasing range of punishment to twenty-five to ninety-nine years confinement). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## BACKGROUND

Appellant's current legal troubles began in February 2018, when an officer was dispatched to a call about an individual who was passed out behind the wheel of a vehicle.[5] That individual was Appellant. He was arrested for possession of drug paraphernalia. A subsequent search at the jail revealed a baggie of crystal methamphetamine in one of the pockets of his hoodie.[6] Appellant was released on bond.

A former police officer testified that in March 2018, he responded to a trespass in progress at a motel involving Appellant. He was familiar with Appellant from a previous trespass warning. When he tracked down Appellant, he arrested him after he found a pipe used for methamphetamine. Appellant was more thoroughly searched at the sheriff's department where a small baggie of methamphetamine was found in the coin pocket of his pants. Appellant was again released on bond.

In May 2018, an officer was dispatched to a hit and run accident. The person who reported the accident provided the officer with a description of the vehicle involved. The officer observed the vehicle was stopped just down the road.[7] The driver was Appellant.

---

[5] At the time of trial, Appellant also had two pending charges in Randall County.

[6] Defense counsel's hearsay objection to the State's laboratory report exhibit was withdrawn after counsel was reminded that part of the open plea agreement was that no expert witness would be presented.

[7] The officer believed the vehicle ran out of gas.

While verifying information, the officer discovered that Appellant had outstanding local warrants and arrested him on that basis. Appellant was again released on bond.

In July 2018, Appellant was stopped for a traffic violation. This time the officer who made the stop observed a pipe used for methamphetamine in plain view near the driver's seat. Appellant consented to a search of his person which revealed two plastic baggies containing methamphetamine. Appellant was again arrested.

The State's final witness at trial was a fingerprint expert. Through his testimony, he linked Appellant by fingerprint comparison to numerous other offenses, including the two prior felonies alleged as enhancements in the charging instrument.

After being properly admonished, Appellant testified in his own defense. He stated that he was in his mid-fifties, a veteran of Desert Storm, and he was the proprietor of his own construction business. He testified that when he returned from the war, he was diagnosed with post-traumatic stress disorder. He also suffers from a bipolar disorder. He has dealt with emotional issues involving his family including separate accidents that took the lives of his brother and father. He admitted to abusing controlled substances as a coping mechanism but denied having an alcohol problem.

During his testimony, Appellant acknowledged the two prior felonies used to enhance his punishment, a felony conviction for driving while intoxicated and a conviction for attempted sexual assault. The trial court also questioned him about the prior convictions.

During closing arguments, the State expressed empathy with Appellant's emotional past but based on his criminal history, recommended that the trial court find the enhancement allegations to be true and assess the minimum sentence of twenty-five years confinement. Defense counsel argued for deferred adjudication and a drug rehabilitation program.

After a recess to reflect on the evidence, the trial court found Appellant guilty. It also found both enhancement allegations to be true. Punishment was assessed at the minimum of twenty-five years confinement for a double-enhanced felony conviction. No fine was imposed.

### ANALYSIS

By the *Anders* brief, counsel evaluates the underlying proceedings and concludes that reversible error is not presented. She also concludes that the punishment assessed is within the range authorized by section 12.42(d) of the Texas Penal Code.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

**CONCLUSION**

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.